359 A.2d 754
**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Derek INGRAM (two cases).**

Supreme Court of Pennsylvania.

Submitted Jan. 12, 1976.

Decided July 6, 1976.

582

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., for appellant.

Stanley W. Bluestine, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## ORDER

PER CURIAM.

Order of the court below vacating judgment of sentence and granting a new trial is affirmed.

ROBERTS, J., filed a concurring opinion in which O'BRIEN and MANDERINO and NIX, JJ., joined.

ROBERTS, Justice (concurring).

This is an appeal by the Commonwealth from a grant of post-conviction relief (1) vacating appellee's 1972 guilty plea which was the basis of his conviction of murder in the second degree and (2) granting him a new trial. The PCHA court's decision was based on its determination that appellee was ineffectively assisted by counsel when his plea was entered. This Court, by per curiam order, affirms that decision. I concur.

Decedent in this case was an innocent bystander at the scene of a juvenile gang confrontation. He was killed by a single gunshot while leaving his parked car. Appellee, a sixteen year old male with an IQ of 82, was arrested the following day and, after a period of interrogation which lasted approximately eight hours, gave an uncounseled written statement to the police.

Court appointed counsel filed a motion to suppress the statement. Before a hearing could be held, however, he was replaced by privately retained counsel. Testimony at the hearing on the PCHA petition established that retained counsel, Neil Carver, met with appellee only twice before his guilty plea was entered. The first meeting took place immediately before the hearing on the motion to suppress and lasted approximately 5 minutes. The motion to suppress was denied.

The second and last meeting took place the day appellee's trial on a charge of murder was to begin. Appellee,

rather than face a jury trial, pled guilty. Appellee had not discussed such a plea with any member of his family before the day of the trial.

Testimony at the PCHA hearing revealed that appellee's retained counsel advised him to plead guilty as the only alternative to a jury trial, failed to interview any of the persons named by appellee as witnesses to the killing, failed in any other way to investigate the crime, failed to explain both appellee's rights and the Commonwealth's burdens at a trial as well as the nature and elements of the various degrees of homicide for which appellee could be found guilty, and failed to recognize that his inability to communicate with appellee placed him in a poor position from which to defend his client. The PCHA court found this to be ineffective assistance of trial counsel, stating:

"The lack of effective representation included the failure of counsel to see that the case was properly investigated in regard to the various witnesses whose identities were supplied to him . . . ; failure of counsel to recognize that a serious situation presented itself when he was unable to satisfactorily communicate with the defendant during his brief encounters with him; failure of counsel to consider having the defendant examined by a physician or psychiatrist prior to trial because of the defendant's inability to communicate with him . . . ; failure of counsel to fully advise his client of the significance and consequences of pleading guilty to murder in the second degree, including the failure to define and describe that charge to the defendant; permitting his client to plead guilty, when, in fact, the defendant had protested his innocence of the charge . . . and failing to call this situation to the attention of the Court; failure to consider the various alternatives to pleading guilty in the case, including the alternative of proceeding to trial upon a waiver of the right to jury trial and a plea of

not guilty and failing to advise the defendant of this possible alternative to pleading guilty to second degree murder; failure to file a motion on behalf of the defendant to withdraw the plea of guilty after reading the medical reports which were prepared following the [entry of the plea] and in which the defendant was reported to have stated that he was innocent of the charges to which he had pled guilty, and failing to call even this critical inconsistency to the attention of the trial Judge; failure to discuss the contents of the post-trial medical reports with the defendant, particularly in light of defendant's statements of innocence contained therein . . . ; and failure to file an appeal from the judgment of sentence in order to raise the question of the validity of the guilty plea in light of the facts established by the record in this case."

In view of defendant's refusal to admit his guilt to counsel, or to the psychiatrists who examined him after his plea was accepted, his assertion that the statement made to the police was the product of fear and coercion and was not true, and counsel's inability to communicate with his client, the PCHA court found that the decision to plead guilty, even though the crime was stipulated by the Commonwealth, as a result of a plea bargain, to rise no higher than second degree murder, was not a course of conduct which had *"some reasonable basis* designed to effectuate his client's interests." *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604, 235 A.2d 349, 352 (1967) (emphasis in original). Instead, the trial court found that:

"Counsel in this case had failed to supply himself with sufficient information concerning the facts of the case, his client's background and the true position of his client in regard to the crime charged, so as to be in a position to make reasonable strategic or tactical choices as the defendant's attorney."

As a consequence, the PCHA court ordered that the judgment of sentence entered on the guilty plea obtained while appellee was being ineffectively assisted by counsel must be vacated. I agree.

O'BRIEN, NIX and MANDERINO, JJ., join in this concurring opinion.